**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMES KUYKENDALL and** | **§** | |
| **DONNA KIRKWOOD,** | **§** | |
| ***Plaintiffs,*** | **§** | |
| | **§** | |
| **v.** | **§** | **CIVIL ACTION NO. 1:23-cv-00113-SH** |
| | **§** | |
| **LIBERTY INSURANCE CORPORATION,** | **§** | |
| ***Defendant.*** | **§** | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO ITS MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE:

COMES NOW Defendant, Liberty Insurance Corporation ("Defendant" or "Liberty"), and files this Reply to Plaintiffs' Response to Its Motion for Summary Judgment, and would respectfully show the Court as follows:

## I.
## ARGUMENT AND AUTHORITIES

### A. Defendant is entitled to summary judgment on Plaintiffs' claim for breach of contract because Plaintiffs did not reside at the property, a condition precedent to coverage.

1. Plaintiffs James Kuykendall and Donna Kirkwood reside in Travis County. See Plaintiffs' First Amended Complaint at ¶¶1,2. They receive mail at their home in Austin, Travis County, Texas, and that is the address on their driver's license. *See* Deposition of James Kuykendall, attached to Plaintiffs' Response to Defendant's Motion for Summary Judgment as Exhibit "A" [Doc. 29-1] at pp. 8-9. In this suit, Plaintiffs seek coverage for a property they own that is located 125 miles away from their Travis County residence, arguing that the term "residence premises" can include locations where they occasionally spend time that are admittedly not their

primary residence.[1] Plaintiffs point out various factual distinctions found in "residence premises" cases from around the country, but they ignore the fundamental test as set forth by the Fifth Circuit in *Korbel* that the generally prevailing meaning of "reside" is "to dwell permanently or for a considerable time, to have one's settled or usual abode, to live, *in* or *at* a particular place." *Korbel v. Lexington Ins. Co.*, 308 Fed. Appx. 800, 805 (5th Cir. 2009)(citing Oxford English Dictionary (2d ed.1989). In *Korbel*, as in this case, the phrase "where you reside" also appears in the policy's definition of "residence premises." *Id.* Plaintiffs' occasional visits to the Lohr property does not make it their "settled or usual abode." It is not their residence premises and thus there is no coverage under the Policy.

**B. Defendant is entitled to summary judgment on Plaintiffs' claim for breach of contract because the loss was caused by neglect, wear and tear, and deterioration; all of which are excluded causes.**

2. Plaintiffs allege that two separate windstorms caused trees to fall on their property, resulting in the need for the following repairs:

Full roof and chimney replacement

Removal and replacement of water damaged building materials in four rooms

Removal, replacement and upgrade of eleven windows

Foundation adjustment

Installing of new electrical system

Power washing of the home exterior

Unspecified repairs to bathroom plumbing, storm doors, living room ($9,879.97), bedroom ($9,105.84) and closet ($2,639.24.)

[1] Notably, in his application for homeowners insurance, Plaintiff James Kuykendall identified the Lohr property as his primary residence. *See* Affidavit of Michael Migaleddi, attached as Exhibit "A".

*See* Estimates of Zach Roark and Ronald McBee, attached to Defendant's Motion to Strike Plaintiffs' Testifying Experts [Doc. 25] as Exhibits "B" and "C".

3. Plaintiffs have provided no evidence to substantiate that the windstorms that caused the trees to fall on their house caused all of these damages, nor do they attempt to do so. In fact, the experts who provided the bids and estimates for the above-referenced repair work admit that they made no effort to determine the cause of the needed repairs. *See* Deposition of Ronnie McBee attached to Defendant's Motion to Strike Plaintiffs' Testifying Experts [Doc. 25] as Exhibit "E" at page 16 lines 3-16, page 16 line 25 to page 17 lines 1-12, and Deposition of Zack Roark, attached to Defendant's Motion to Strike Plaintiffs' Testifying Experts [Doc. 25] as Exhibit "F" at page 23 lines 9-16 and page 36 lines 2-11.

4. In response to Plaintiffs' claims, Liberty obtained an expert engineering report. Plaintiffs have not challenged the qualifications of Darin Lasater, Liberty's designated engineering expert, nor have they refuted his findings. According to Lasater, there is significant damage caused by the excluded causes of neglect, wear and tear, and deterioration. *See* Darin Lasater's Expert Report, attached to Defendant's Motion for Summary Judgment as Exhibit "B-2", at pages 15, 19, 24, 31, and 39 [Doc. 27-8]. Plaintiffs have not made any effort to refute this expert testimony. Plaintiffs' suggestion that expert testimony is not required with a case of this complexity is incorrect. "Expert testimony is necessary when the alleged negligence is of such a nature as not to be within the experience of the layman." *Qualls v. State Farm Lloyds*, 226 F.R.D. 551, 555 (N.D. Tex. 2005). Another factor necessitating expert testimony from Plaintiffs is the fact that Liberty has presented expert testimony of its own regarding excluded causes. *Id*.

5. To the extent Plaintiffs concede that excluded and covered perils have combined to cause their damages and the damage from each cause cannot be identified, the doctrine of

concurrent causation applies. *Utica Nat. Ins. Co. v. American Indem. Co.*, 141 S.W.3d 198, 204 (Tex. 2004). Because an insured can recover only for covered damage, the insured bears the burden of allocating the damage attributable solely to the covered cause of loss. *Tchakarov v. Allstate Indem. Co.*, 2021 WL 4942193 at *6 (N.D. Tex. October 22, 2021). "It is essential that the insured produce evidence which will afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by a risk covered by the insurance policy." *Id.* (citing *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971)). As the *Tchakarov* court held, the failure of plaintiffs to segregate the loss would "leave a jury unable to do anything more than speculate or assign an arbitrary amount of harm to covered and non-covered causes of loss." *Tchakarov*, 2021 WL 4942193, at *6. Because Liberty has established that Plaintiffs' claimed damages were caused by a combination of covered and excluded perils, and Plaintiffs have not allocated the loss among concurrent causes, there is no coverage and Liberty is entitled to summary judgment.

**C. Defendant is entitled to summary judgment on Plaintiffs' claims for violation of the Texas Insurance Code because there is a *bona fide* dispute regarding coverage.**

6. In their First Amended Complaint, Plaintiffs allege that Liberty's actions violated "various provisions of the Insurance Code." *See* Plaintiffs' First Amended Complaint [Doc. 21] at ¶ 12. However, their response to Liberty's motion for summary judgment suggests Plaintiffs are only complaining of violations of the Prompt Payment Act. If so, Plaintiffs correctly state that a bona fide dispute is not a defense, though they are only entitled to recover penalty interest if they prevail on their breach of contract claim.

If, however, the "various provisions of the Insurance Code" referenced in their Amended Complaint include claims of violations of the laundry list provisions of the Texas Insurance Code,

then a bona fide dispute regarding their entitlement to coverage is sufficient to defeat those claims of statutory bad faith. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997)(citing *Lyons v. Millers Casualty Insurance Co.*, 866 S.W.2d 597, 600 (Tex.1993)).

## II.
## CONCLUSION AND PRAYER

Because Plaintiffs do not reside at the insured location and did not reside there on the date of the losses, coverage does not exist. Further, because Plaintiffs have failed to satisfy their burden to establish causation, their contractual and extra-contractual claims are barred as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation requests that this Court grant summary judgment in its favor on all of Plaintiffs' claims for breach of contract and violation of the Texas Insurance Code, and award it such other and further relief to which it may be justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: */s/ Catherine L. Hanna*
Catherine L. Hanna
State Bar No. 08918280
channa@hannaplaut.com
Derick W. Lancaster
State Bar No. 24099877
dlancaster@hannaplaut.com

**ATTORNEYS FOR DEFENDANT LIBERTY INSURANCE CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2024, a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1. The notice of electronic filing generated by the ECF system constitutes service of the document on counsel who are registered users of the system. Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

Jon Michael Smith
JON MICHAEL SMITH
3305 Northland Drive, Suite 500
Austin, Texas 78731
*Attorney for Plaintiffs*

***Via Email:* *jon@jonmichaelsmith.com***

*/s/ Catherine L. Hanna*
Catherine L. Hanna